[Cite as *State v. Music*, 2015-Ohio-3162.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2014-CA-20 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case Nos. 2014-CR-26 |
| v. | : | 2014-CR-102 |
| | : | |
| JOHN A. MUSIC | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 7th day of August, 2015.

. . . . . . . . . .

KEVIN S. TALEBI, Atty. Reg. No. 0069198, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

DAVID M. MORRISON, Atty. Reg. No. 0087487, Morrison Law Office, LLC, Post Office Box 750383, Dayton, Ohio 45475
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant John A. Music appeals from his conviction and

sentence, following guilty pleas, for Domestic Violence, a first-degree misdemeanor; Assault, a fourth-degree felony; Burglary, a third-degree felony; and, in a separate prosecution, Domestic Violence, a fourth-degree felony. Music's assigned appellate counsel has filed a brief, under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he could find no potential assignments of error having arguable merit. Neither can we. Accordingly, the judgment of the trial court is Affirmed.

## I.      The Offenses

{¶ 2} The charges in Case No, 2014 CR 26 in the trial court all concern events occurring one day in mid-January, 2014. The prosecutor recited these events at the sentencing hearing:

> In the present case [Music] became belligerent. He spat on the table of Theresa Moorefield. And then Theresa Moorefield understandably became angry at him for spitting on her table. She asked him to leave and he refused. Then he subsequently began to assault other people located in the residence. Assaulted Chelsea Akers. He assaulted Theresa Moorefield. And he attempted to assault his girlfriend Shyannah Hall.

> The girls were so afraid of [Music] that they locked themselves in a bathroom. Had it not been for Zachariah Mitchell removing [Music] from the apartment and getting him placed into the hallway and locking the door [Music] likely would have continued his attempts to assault the girls.

> Law enforcement arrived on the scene. [Music] continued in his

belligerent nature with law enforcement. He made his body limp as they attempted to remove him from the apartment. This apartment is located on the second floor. It is essentially an attic. It's divided – walls were built up to create separate, little apartments. And there is a very steep staircase that comes down from that apartment, those apartments, to the outside area.

[Music] refused to walk willingly down those stairs. Creating a risk to the safety of law enforcement. The hallway of the staircase is so narrow that law enforcement could not walk side-by-side with him. So, literally, one officer had to walk almost in front of him holding an arm while the other walked behind him holding an arm.

[Music] would make his body go limp and brace his legs on the sides of the wall of the staircase so as to resist his removal from the apartment. He kicked a chair that was laying over the staircase causing further risk of injury to law enforcement and himself. He walked – when finally removed outside, he, again, fell to the ground making his body limp. And he attempted to kick Officer Cooper in the groin. Had Officer Cooper not moved, he would have succeeded. But Officer Cooper moved. And at the last moment the kick missed the groin area and instead struck Officer Cooper in the leg.

Officer Cooper was a uniformed officer. There are recordings, which were provided to Defense Counsel as part of a discovery disclosure, that clearly illustrate the abusive language and behavior of [Music] and law

enforcement's repeated request for him to behave himself. Once in the cruiser [Music's] behavior continued. Kicking at the cage. Spitting. Cursing. Yelling.

THE COURT: And is this while the vehicle was moving?

MR. TALEBI [representing the State]: Both stationary and in transport. Officer Pratt describes [Music] kicking the back of the cage behind Officer Pratt's head while he's driving [Music] to the police station. And describes his request for him to stop.

{¶ 3} The charge in Case No. 2014 CR 102 in the trial court concerns events on a day in early May, 2014. These events were also described by the prosecutor at the sentencing hearing:

The new criminal activity being yet another act of domestic violence with yet a completely different victim. This time the victim being Bryan Lindsey, Jr. [Music's brother]. Mr. Lindsey apparently, according to the police report, began to discuss with [Music] his consumption of alcohol. [Music] was apparently consuming beer at the East Dallas Road address.

When law enforcement arrived on the scene, they were able to interview Mr. Lindsey. And based on their investigation on what they believed occurred is that [Music] became angry with Mr. Lindsey for talking to him about his alcohol consumption. [Music] grabbed a kitchen knife and threw it at Mr. Lindsey. The kitchen knife missed Mr. Lindsey striking the refrigerator door.

Mr. Lindsey, fearing for his safety, left the residence. Began to

cross the street. [Music] pursued him grabbing another large kitchen knife. Throwing that large kitchen knife at Mr. Lindsey. And this time he succeeded in striking Mr. Lindsey with this large kitchen knife.

Fortunately, the large kitchen knife struck Mr. Lindsey with the butt or the handle of the knife and not the sharp end. But it struck him with such force that it left a fairly significant bruise.

## II.    The Course of Proceedings

{¶ 4} In Case No. 2014 CR 26, Music was charged by indictment with Assault, in violation of R.C. 2903.13(A)(C), a first-degree misdemeanor; Burglary, in violation of R.C. 2911.12(A)(1)(d), a second-degree felony; Menacing, in violation of R.C. 2903.22(A), (B), a fourth-degree misdemeanor; Domestic Violence, in violation of R.C. 2919.25(A), (D)(4), a third-degree felony; Assault, in violation of R.C. 2903.13(A), (C), a first-degree misdemeanor; and Assault Upon a Police Officer, in violation of R.C. 2903.13(A)(C)(3),[1] a fourth-degree felony.

{¶ 5} Pursuant to a plea agreement, a subsequent charge was added by a bill of information, charging Music with Burglary, in violation of R.C. 2911.12(A)(3), (D), a third-degree felony.

{¶ 6} In Case No. 2014 CR 102, Music was charged by bill of information with Domestic Violence, having previously been convicted in 2010 of Domestic Violence, in violation of R.C. 2919.25(A),(D)(3), a fourth-degree felony.

---

[1] The indictment erroneously refers to R.C. 2903.13(A)(C)(3), but clearly charges a violation of R.C. 2903.13(A)(C)(5).

{¶ 7} On April 14, 2014, in Case No. 2014 CR 26, Music requested, and was granted, a one-week's continuance to consider the State's proposed resolution of the charges.

{¶ 8} On April 29, 2014, in Case No. 2014 CR 26, Music and the State entered into a plea agreement wherein the State agreed to amend the Domestic Violence charge to delete reference to prior convictions, Music agreed to plead guilty to that charge as amended, to plead guilty to the charge of Assault Upon a Police Officer, and to plead guilty to an additional charge, added by a bill of information, of Burglary. The State agreed to dismiss the remaining charges. The State also agreed that it would not pursue criminal charges against Music relating to attempts to influence the testimony or availability of witnesses for trial. As part of this plea agreement, Music waived indictment with respect to the Burglary charge, and accepted service of the bill of information setting forth that charge. However, Music was not asked to waive his right to one day's notice of the bill of information, which had been filed the preceding afternoon. The trial court ordered a pre-sentence investigation.

{¶ 9} On May 29, 2014, in Case No. 2014 CR 102, Music accepted service of the bill of information, and pled guilty to the charge of Domestic Violence. As in Case No. 2014 CR 26, Music was not asked to waive one day's notice of the bill of information. The trial court then expressed some concern about possibly related Domestic Violence charges pending in the Champaign County Municipal Court. During a recess, the prosecutor consulted with the municipal court prosecutor, following which he reported that these pending charges would be dismissed upon Music's pleading guilty to the Domestic Violence charge in Case No. 2014 CR 102.

{¶ 10} The trial court conducted a sentencing hearing for both cases. The trial court imposed a five-month sentence for the Domestic Violence offense in Case No. 2014 CR 26, an eighteen-month sentence for Assault Upon a Police Officer, and a 24-month sentence for Burglary, with the eighteen-month and 24-month sentences to be served consecutively to one another, but concurrently with the five-month sentence. In Case No. 2014 CR 102, the trial court sentenced Music to an eighteen-month sentence, to be served consecutively to the eighteen- and 24-month sentences in Case No. 2014 CR 26, for a total sentence of 60 months. The trial court also ordered these sentences to be served concurrently with a pending jail sentence imposed on Music by the municipal court. No fines or restitution was imposed. The trial court found that Music was not indigent for purposes of court costs and court-appointed legal fees, and ordered Music to pay these expenses at a minimum of $50 per month upon his release from confinement. The trial court approved Music for placement in transitional control, but disapproved him for shock incarceration or intensive program prison. The trial court made the necessary findings for the imposition of consecutive sentences. The trial court discussed the statutory sentencing factors at some length.

{¶ 11} From his conviction and sentence, Music appeals.


### III.     We Find No Potential Assignments of Error Having Arguable Merit

{¶ 12} Music's assigned counsel has filed a brief pursuant to *Anders v. California, supra*, indicating that he could find no potential assignments of error having arguable merit. By entry dated April 17, 2015, we allowed Music 60 days within which to file his own, pro se brief. He has not done so.

{¶ 13} In his brief, counsel stated that he had considered, as a potential assignment of error, the failure to have given Music one day after service of the bills of information within which to answer, as provided in R.C. 2941.49, but had concluded that it had no merit. We agree.

{¶ 14} R.C. 2941.49 provides that: "A defendant, without his assent, shall not be arraigned or called on to answer to an indictment until one day has elapsed after receiving or having an opportunity to receive in person or by counsel, a copy of such indictment." Music, through his counsel, accepted service of each bill of information at the same hearing at which he pled guilty to it. Music did not expressly waive his rights under the statute. Nevertheless, we conclude that the record demonstrates that Music was not prejudiced.

{¶ 15} At the April 14, 2014 hearing in Case No. 2014 CR 26, Music requested, and was granted, a one-week continuance so that he could have more time to consider the State's proposed disposition of the case. At the plea hearing on April 29, 2014, the trial court conducted a thorough plea colloquy, and Music demonstrated no confusion or uncertainty during the hearing. At this plea hearing, as well as at the plea hearing in Case No. 2014 CR 102, Music, who was under oath, testified that he had enough information to make a knowing, intelligent, and voluntary decision with respect to his plea.

{¶ 16} We conclude that the record demonstrates no reasonable possibility that Music was prejudiced by the failure to have served him with each bill of information at least one full day before the plea hearing.

{¶ 17} Under *Anders v. California*, we have an independent duty to review the record for potential assignments of error having arguable merit. We find none. The

plea colloquies were exemplary. The trial court made the necessary findings for consecutive sentences, and the record supports those findings

{¶ 18} We considered one potential assignment of error – that Music was disapproved for shock incarceration and for intensive program prison without the trial court giving its reasons for disapproval. We have held that R.C. 2929.19(D) requires that a trial court give its reasons when disapproving a defendant for either program. *State v. Allender*, 2d Dist. Montgomery No. 24864, 2012-Ohio-2963, ¶ 16-27.

{¶ 19} In the case before us, the trial court was not required to set forth any reasons for disapproving Music for these programs, because Music was not eligible for them. Under R.C. 5120.032(B)(2)(c), a prisoner serving a prison term for a third-, fourth-, or fifth-degree felony that is an offense in which the prisoner caused or attempted to cause actual physical harm to a person is not eligible for intensive program prison. The eligibility requirements for shock incarceration incorporate R.C. 5120.032. R.C. 5120.031(A)(4). Music's Assault Upon a Police Officer conviction and his two Domestic Violence convictions each involved, as an element, the causing, or attempting to cause, actual physical harm to a person. Therefore, he was not eligible for either program, and the trial court's failure to give its reasons for disapproving his participation in the programs was necessarily harmless.

## IV.    Conclusion

{¶ 20} No potential assignments of error having arguable merit having been found, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

HALL and WELBAUM, JJ., concur.


Copies mailed to:

Kevin S. Talebi
David M. Morrison
John A. Music
Hon. Nick A. Selvaggio